Emory Bellinger, Respondent, *v.* Frank M. Gallo, Appellant.

Third Department, September 23, 1927.

**Trial — continuance — defendant not serving notice of trial may move for continuance — continuance properly denied.**

A defendant has the right when the plaintiff moves the case for trial to move for a continuance although he did not serve a notice of trial.

However, the defendant's motion for a continuance was properly denied because of the absence of an affidavit of merits and the dilatory tactics employed by the defendant.

APPEAL by the defendant, Frank M. Gallo, from part of an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Schoharie on the 21st day of March, 1927, imposing terms on the defendant on the opening of a default judgment.

*James P. O'Donnell*, for the appellant.

*Clyde H. Proper*, for the respondent.

PER CURIAM. When the plaintiff moved the cause for trial at the January, 1927, Schoharie Trial Term the defendant was entitled to ask for a continuance upon proper grounds even though he had not served a notice of trial. The provisions of section 433 of the Civil Practice Act prevent a party not serving a notice of trial from bringing a cause on for trial on his own motion, but do not exclude him from asserting other rights relative to its position on the calendar, if his opponent is moving it for trial.

In so far as the learned trial justice based his denial of the motion for continuance on these grounds, we think he was in error. But the absence of an affidavit of merits, and still more the tactics theretofore employed on behalf of defendant for delay, justified denial of the motion. Parties and counsel should understand that engaging in dilatory tactics will cast doubt upon the *bona fides* of a subsequent motion having some appearance of merit.

It was within the sound discretion of the justice to permit plaintiff to take judgment after denial of the motion to postpone trial. Likewise the terms imposed in opening the default were discretionary. We find no occasion to interfere with the order made.

The order should be affirmed, with ten dollars costs and disbursements.

Present — COCHRANE, P. J., VAN KIRK, HINMAN, DAVIS and WHITMYER, JJ.

Order unanimously affirmed, with ten dollars costs and disbursements.